IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESSENTIA INSURANCE COMPANY,

     Plaintiff/Counter-Defendant,

     vs.                            No. 1:13-CV-1223 MCA/KBM

MARTIN SANCHEZ, *Individually and as
the Personal Representative for the estate of
Clifford Sanchez*, PHIL SANCHEZ, and
STEVEN SANCHEZ,

     Defendants/Counter-Plaintiffs/Third
     Party Plaintiffs,

     vs.

JOSE LUJAN, GILBERT SANCHEZ, and
HAGERTY INSURANCE AGENCY, LLC.

     Third Party Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment* [Doc. 10]. Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will grant in part and deny in part *Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment* [Doc. 10].

## I.  BACKGROUND

The *Amended Complaint* alleges the following relevant facts. On October 12, 2011, Clifford Sanchez was killed in a hunting accident when Gilbert Sanchez, a

passenger in a pickup truck owned by Jose Lujan, mistook Clifford Sanchez for a bull elk, exited the pickup truck, and shot Clifford Sanchez.  [Doc. 3 at 2]  At the time of the accident, Clifford Sanchez was listed as an additional driver under Defendant Phil Sanchez's classic automobile insurance policy, which was underwritten by Plaintiff Essentia Insurance Company ("Essentia").  The insurance policy (policy no. 5N42080) listed three vehicles with bodily-injury-liability limits of $100,000 per person, $300,000 per accident.  [Id.]

As part of his application for insurance, Phil Sanchez completed a Classic Automobile Selection Form – New Mexico on July 20, 2010.  [Doc. 3-3, Ex. C]  Phil Sanchez selected bodily injury and property damage uninsured motorist coverage with the following limits: $100,000 per person, $300,000 per accident.  Phil Sanchez checked a box marked: "I reject intra-policy Stacked Uninsured Motorists coverage and select Non-Stacked Uninsured Motorists coverage."  The Form further provided that "I understand that my selection applies to all of the vehicles and insureds on my policy, including any additional or replacement vehicles which I may add in the future, unless I request different coverage in writing."  [Id.]

On August 14, 2010, Phil Sanchez completed an amended Classic Automobile Selection Form – New Mexico.  [Doc. 3-4, Ex. D]  On the amended form, Phil Sanchez checked the box marked: "I hereby reject bodily injury and property damage insured motorist coverage entirely."  [Id.]

On June 17, 2011 and September 16, 2011, Hagerty Insurance Company ("Hagerty") issued to Phil Sanchez Classic Automobile Renewal Policy Declarations.

2

[Doc. 3-1 Exs. A and E]  The Declarations provide, in relevant part, as follows: "You have rejected Uninsured and Underinsured Motorist coverage equal to the limits of liability on your policy to which you are entitled by law."  [Doc. 3-1 at 2, 3-5 at 2]

Martin Sanchez, individually and as personal representative of Clifford Sanchez, Phil Sanchez and Steven Sanchez (collectively hereinafter referred to as "Defendants") made a claim under the insurance policy for uninsured motorist benefits in the amount of $900,000 for wrongful death and loss of consortium.  [Doc. 3 at 5]  Essentia denied Defendants' claim for benefits based on Phil Sanchez's written waiver of uninsured motorist coverage.  Alternatively, Essentia denied coverage because the truck in which the shooter was a passenger was insured, there is no separate uninsured motorist coverage for loss of consortium, the accident did not result from "the ownership maintenance, or use of the 'uninsured motor vehicle'" as defined by the policy, the uninsured motorist was not the shooter and is not liable for Clifford Sanchez's death, and at most Phil Sanchez is entitled to the non-stacked coverage he selected in the amount of $100,000. [Doc. 3 at 5-6]

On December 30, 2013, Essentia filed an *Amended Complaint for Declaratory Judgment* pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  [Doc. 3] Essentia seeks the following declaratory relief:

> Defendant Phil Sanchez waived UM coverage, and that in the event that the waiver is found to be invalid, that Clifford Sanchez's death did not result from the use, operation or maintenance of an uninsured vehicle and even if the court were to find that it did, there is no separate or additional coverage for loss of consortium claims . . . .

[Doc. 3 at 6-7]

On January 29, 2014, Defendants filed *Defendants' Answer to Plaintiff's Amended Complaint for Declaratory Judgment, Counter-Claim and Third Party Complaint*.  [Doc. 7]  Plaintiffs filed a counterclaim against Essentia seeking: (1) a declaratory judgment that Plaintiffs are entitled to uninsured motorist benefits, and (2) reformation of the contract "to provide coverage for the wrongful death and loss of consortium claims which arise from the October 12, 2011 accident."  [Doc. 7 at 11]  Plaintiffs also asserted negligence claims against the third-party defendants, Gilbert Sanchez, Jose Lujan, and Hagerty Insurance Agency, LLC.  [Doc. 7 at 13-14]

On February 18, 2014, Defendants filed *Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment*.  [Doc. 10]  Defendants contend that, pursuant to the five-factor test articulated by the Tenth Circuit Court of Appeals in State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994), this Court should decline to exercise jurisdiction over the *Amended Complaint*.  Specifically, Defendants argue that this Court should dismiss the *Amended Complaint*, or alternatively stay the pending proceedings, because Defendants have filed a *Complaint to Recover Damages For Wrongful Death Against Defendants Jose Lujan, Gilbert Sanchez and Complaint for Declaratory Judgment, Negligence Against Hagerty Insurance Agency, LLC and for Infliction of Emotional Distress, Claim for Uninsured Motorist Benefits against Hagerty Insurance, Breach of the Implied Covenant of Good Faith and Fair Dealing Against Essentia Insurance and Hagerty Insurance, Breach of Contract Against Hagerty Insurance and Essentia Insurance, Declaratory Judgment, Punitive Damages Against Essentia*

4

*Insurance Company and for Insurance Agent Negligence Against Hagerty Insurance Agency, LLC* [Doc. 10-3, Ex. C] in the Eighth Judicial District of State of New Mexico, which is in a better position to apply and interpret state law on insurance coverage.

## II.    DISCUSSION

The Declaratory Judgment Act provides, in relevant part:  "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. 2201(a).  "While this statute vests the federal courts with power and competence to issue a declaration of rights . . . the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts."  St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1168 (10th Cir. 1995) (citations omitted). Thus, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Id. at 288.

In Mhoon, the Tenth Circuit Court of Appeals adopted the following five factors to guide the district court's exercise of discretion:

> [1] whether a declaratory action would settle the controversy;
> [2] whether it would serve a useful purpose in clarifying the
> legal relations at issue; [3] whether the declaratory remedy is

being used merely for the purpose of "procedural fencing" or
"to provide an arena for a race to *res judicata*"; [4] whether
use of a declaratory action would increase friction between
our federal and state courts and improperly encroach upon
state jurisdiction and [5] whether there is an alternative
remedy which is better or more effective.

Mhoon, 31 F.3d at 983 (citation omitted).

A.      *Whether A Declaratory Action Would Settle The Controversy Or Serve A Useful*
        *Purpose In Clarifying The Legal Relations At Issue*

"Ordinarily it would be uneconomical as well as vexatious for a federal court to

proceed in a declaratory judgment suit where another suit is pending in a state court

presenting the same issues, not governed by federal law, between the same parties."

Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942).  Thus, when a suit

involving the same claims is pending in state court, a federal court should avoid

"[g]ratuitous interference with the orderly and comprehensive disposition of a state court

litigation."  Id.

With respect to the first two Mhoon factors, the Tenth Circuit Court of Appeals

has explained as follows:

> Some courts have resolved the first two Mhoon factors in
> favor of exercising jurisdiction when a declaratory judgment
> action would settle the immediate controversy between the
> parties to the action. See, e.g., Nw. Pac. Indem. Co. v.
> Safeway, Inc., 112 F.Supp.2d 1114, 1120 (D.Kan.2000).
> Other courts have resolved the first two Mhoon factors
> against exercising jurisdiction when the declaratory judgment
> action would leave unresolved other, related issues in parallel
> state court proceedings. See, e.g., Qwest Commc'ns Int'l, Inc.
> v. Thomas, 52 F.Supp.2d 1200, 1207 (D.Colo.1999). Relying
> on a case from the Sixth Circuit, Mid–Continent argues these
> two approaches constitute a "split of authority" as to the
> scope of the first two Mhoon factors. See Scottsdale Ins. Co.

6

> v. Flowers, 513 F.3d 546, 555 (6th Cir.2008). As the Sixth
> Circuit has itself acknowledged, however, the seemingly
> differing standards applied in different cases "might ... be
> explained by their different factual scenarios." Id.
>
> In some cases, the likelihood a declaratory judgment will
> resolve the immediate dispute between the parties may tip the
> scales in favor of exercising jurisdiction. In others, the
> existence of outstanding claims in a parallel state court action
> may counsel a different conclusion. Especially relevant may
> be whether the state court action would necessarily resolve
> the issues in the declaratory judgment action.

Mid-Continent Casualty Co. v. Village at Deer Creek Homeowners Assoc., Inc., 685 F.3d

977, 982 n.3 (10th Cir. 2012).

St. Paul Fire and Marine Insurance Company v. Runyon, 53 F.3d 1167 (10th Cir.

1995), is instructive.  In that case, the plaintiff, St. Paul Fire and Marine Insurance

Company, filed a declaratory judgment action in federal court seeking a declaration that it

had no obligation to defend the defendant, Philip H. Runyon, under the terms of a

professional liability insurance policy.  Id. at 1168.  The Tenth Circuit Court of Appeals

affirmed the district court's decision to decline to exercise jurisdiction over the plaintiff's

declaratory judgment action.  In doing so, the Court observed that "[t]he parties have a

pending state contract action, which incorporates the identical issue involved in the

declaratory judgment action."  Id. at 1169.  The Court held that, "[b]ecause the state court

will determine, under state contract law, whether the tort action is covered by the

insurance contract, it is not necessary for the federal court to issue a declaration on the

insurance contract."  Id.  "Although the federal court is not required to refuse jurisdiction

. . . it 'should not entertain a declaratory judgment action over which it has jurisdiction if

the same fact-dependent issues are likely to be decided in another pending proceeding.'"

Id. (quoting Kunkel v. Continental Casualty Co., 866 F.2d 1269, 1276 (10th Cir. 1989)).

In the present case, Essentia seeks a declaration from this Court that it is not liable to Defendants for uninsured motorist coverage.  [Doc. 3]  Defendants have filed a counterclaim against Essentia, seeking a declaration that Essentia is liable for uninsured motorist coverage and reformation of the contract to provide for uninsured motorist coverage.  Defendants have also filed negligence claims against the tortfeasors, Jose Lujan and Gilbert Sanchez, as well as the insurance agent, Hagerty.  [See Doc. 7]  The same claims are pending against the same parties in state court.  See Sanchez, et al. v. Lujan et al., D-820-CV-201400066 (N.M. 8th Jud. Dist. Ct. filed Feb. 11, 2014), available at https://caselookup.nmcourts.gov.  "Further, the state court provides a more effective forum for conclusively adjudicating claims arising under state law . . . ." Hartford Fire Ins. Co. v. Sheldon, et al., No. 03-CV-1272 MCA/DJS, Doc. 48 at 3 (D.N.M. September 30, 2004) (declining to exercise jurisdiction because the first two Mhoon factors "carry sufficient weight to justify allowing the state court to adjudicate this controversy in the first instance without interference from this Court.").  Accordingly, the first two Mhoon factors weigh in favor of declining to exercise jurisdiction.

In their motion to dismiss, Defendants argue that the first two Mhoon factors weigh in their favor because the Court cannot afford the parties complete relief, since the Court lacks jurisdiction over the tortfeasors, Gilbert Sanchez and Jose Lujan.  [Doc. 10 at 6 n.2]  Specifically, Defendants maintain that Gilbert Sanchez and Jose Lujan are necessary and indispensible parties whose presence destroys the Court's diversity

jurisdiction.  Because Defendants' argument implicates the Court's subject matter jurisdiction, the Court will address it.

In *Defendants' Answer to Plaintiff's Amended Complaint for Declaratory Judgment, Counter-Claim and Third Party Complaint*, Defendants added additional parties to the litigation: Gilbert Sanchez who is a New Mexico citizen, Jose Lujan who is a New Mexico citizen, and Hagerty, whose citizenship is unclear.  [Doc. 7]  Defendants argue that "[b]ecause Third Party Defendants G. Sanchez and Lujan are from New Mexico and Third Party Plaintiffs Martin Sanchez, Phil Sanchez, and Steven Sanchez are also from New Mexico, this Court does not have the ability to exercise jurisdiction in this matter."  [Doc. 10 at 6 n.2]

"Rules 19 and 20 govern the addition of a person as a party to counterclaim or crossclaim."  Fed. R. Civ. P. 13(b).  Rule 20(a)(2) provides as follows:

> Persons . . . . may be joined in one action as defendants if:
>
> (A)    any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)    any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  See also 4 Moore's Federal Practice § 20.02[2][b][i] (3d ed. 2013) (noting that "a defendant who files a counterclaim or crossclaim in the pending case is treated as a plaintiff for purposes of permissive party joinder.  The Rule puts defendant-claimants on the same footing as original plaintiffs in choosing the party structure.").

Pursuant to Rule 20(a)(2), Defendants properly joined the tortfeasors as defendants with Essentia because Defendants allege that the tortfeasors and Essentia are liable for the wrongful death of the decedent and this alleged liability arises out of the same transaction or occurrence.  Additionally, there are questions of law and fact common to both the tortfeasors and Essentia, because Essentia's alleged liability for uninsured motorist benefits is dependent upon, and derivative of, the tortfeasor's alleged liability and use of a motor vehicle during the commission of the shooting.

However, Defendants and the torfeasors are not diverse and, therefore, the Court does not have original jurisdiction over *Defendants' Answer to Plaintiff's Amended Complaint for Declaratory Judgment, Counter-Claim and Third Party Complaint.* Nonetheless, "the permissive party joinder rule routinely triggers the application of supplemental jurisdiction."  4 Moore's Federal Practice, supra, § 20.07[3][a].  Title 28 of the United States Code, Section 1367(a) provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Pursuant to Section 1367(a),[1] the Court will exercise supplemental

---

[1] The exceptions listed in Section 1367(b) are inapplicable because Defendants are not plaintiffs.  See 28 U.S.C. § 1367(b) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims *by plaintiffs* against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by

jurisdiction over Defendants' state law claims against the non-diverse tortfeasors because Defendants' claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Id.

Defendants contend, however, that this Court lacks subject matter jurisdiction because the tortfeasors are necessary and indispensible parties under Fed. R. Civ. P. 19. The Court need not determine whether the tortfeasors are necessary and indispensible parties because even if they are necessary and indispensible parties and Essentia was required to name them as defendants in the *Amended Complaint*, their presence would not destroy diversity jurisdiction. Essentia is a citizen of Missouri and Minnesota. [Doc. 3] Neither Defendants, the tortfeasors, nor Hagerty are alleged to be citizens of Missouri or Minnesota. Because Essentia would be diverse from all defendants, the Court would have original diversity jurisdiction over the *Amended Complaint*, even if it named the torfeasors as defendants. For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over the present case.

B.   *Whether The Declaratory Remedy Is Being Used Merely For The Purpose of "Procedural Fencing" Or "To Provide An Arena For A Race To Res Judicata"*

Defendants contend that the third Mhoon factor weighs in their favor because Essentia filed the present declaratory judgment action in federal court, without prior notice to Defendants, while Defendants' counsel was out of the country on vacation.

---

persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332) (emphasis added); 4 Moore's Federal Practice, supra, § 20.08 (noting that "supplemental jurisdiction applies to the joinder of nondiverse additional counterdefendants to a compulsory counterclaim filed by a defendant").

[Doc. 10 at 7]  Defendants responds that Plaintiffs were on notice as early as November 21, 2013 that Defendants intended to file a declaratory judgment action and, therefore, they did not engage in procedural fencing or a race to *res judicata*.  [Doc. 16 at 14]

Under the third <u>Mhoon</u> factor, "[a] district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." <u>Runyon</u>, 53 F.3d at 1170.  In <u>Runyon</u>, "St. Paul filed its federal suit one day before the date Mr. Runyon promised to file his state court contract action against St. Paul.  St. Paul knew Mr. Runyon was going to file the state contract action; St. Paul knew the date Mr. Runyon was going to file the action; and St. Paul waited three years before it sought the declaration."  <u>Id.</u> The Tenth Circuit held that "such timing of lawsuits may not necessarily be bad faith on the part of the insurance company; however, St. Paul is unable to show error in the district court's perception that St. Paul was using the declaratory judgment for procedural fencing."  <u>Id.</u>

In the present case, Essentia filed its declaratory judgment action in this Court on December 23, 2013.  [Doc. 1]  Defendants subsequently filed their complaint in state court on February 11, 2014.  [Doc. 10-3, Ex. C]  The record reflects that, prior to the filing of Essentia's complaint, the parties had an ongoing dispute regarding insurance coverage and that both parties had contemplated litigation.  [<u>See</u> Doc. 16-2, Ex. B] Although the parties have their own preferences for a particular forum, the evidence does not support an inference that either party attempted to manipulate the courts. Accordingly, the third <u>Mhoon</u> factor is neutral.  <u>See United Financial Casualty Co. et al. v. Schmidt, et al.</u>, No. 12-CV-0867 RB/LAM, Doc. 25 (D.N.M. May 1, 2013)

(concluding that the third <u>Mhoon</u> factor was neutral when "neither party has attempted to have their issue decided in a particular court for purposes of procedural fencing or a race to *res judicata*").

C.  <u>*Whether Use of a Declaratory Action Would Increase Friction Between Our Federal and State Courts and Improperly Encroach Upon State Jurisdiction*</u>

Defendants contend that the fourth <u>Mhoon</u> factor is "[t]he most significant factor which weighs against this Court invoking its jurisdiction" because "[t]he Eighth Judicial District in Taos is 'in the better position to apply and interpret its law on [insurance coverage]' because insurance is a creature of state law."  [Doc. 10 at 8] (quoting <u>Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC</u>, 495 F.3d 266, 272-73 (6th Cir. 2007).  Plaintiffs respond that the *Amended Complaint* does not raise novel or complex issues of law and that this Court is in a better position to determine coverage due to the overburdened docket of the Eighth Judicial District in Taos.  [Doc. 16 at 16]

"[A] federal court's interest in a case is at its lowest when, as in this case, it sits in diversity."  <u>American Physicians Assurance Corp. v. Bush</u>, 09-CV-0149 WPL/DJS, Doc. 29 at 6 (D.N.M. June 16, 2009).  Because the state court will resolve the contractual dispute between Essentia and Defendants under state contract law, "it is not necessary for the federal court to issue a declaration on the insurance contract."  <u>Runyon</u>, 53 F.3d at 1169.  Accordingly, the fourth <u>Mhoon</u> factor weighs in favor of declining to exercise jurisdiction.  <u>See Mid-Continent Casualty Co.</u>, 685 F.3d at 986 (holding that the district court did not abuse its discretion in concluding that "the Missouri state court is better situated to determine Mid-Continent's coverage obligations because the action would

13

involve a matter of state law, i.e., the interpretation of an insurance contract"); United States v. City of Las Cruces, 289 F.3d at 1190 (agreeing with the district court "that a federal declaration of rights could encroach upon the state court's traditional role as arbiter of water rights disputes").

D.      *Whether There Is An Alternative Remedy Which Is Better Or More Effective*

        Consistent with the first four Mhoon factors, the Court concludes that the state court is in a better position to provide complete relief to the parties involved in the insurance coverage dispute.  See Mid-Continent Casualty Co., 685 F.3d at 986 (holding that the district court did not abuse its discretion in concluding, consistent with the first four Mhoon factors, that "the Missouri courts were simply better situated to provide complete relief to all parties involved in the coverage dispute").  Essentia contends, however, that the state court cannot provide an effective remedy in this case because "Defendants have not served anyone with the Complaint" and, under the priority jurisdiction doctrine, the state court may decline to exercise jurisdiction.  [Doc. 16 at 17-19]

        Essentia's first argument is easily disposed of, since the docket in the state court action reflects that Essentia accepted service of process on May 28, 2014.  See Sanchez, et al. v. Lujan et al., D-820-CV-201400066 (N.M. 8th Jud. Dist. Ct. filed Feb. 11, 2014), available at https://caselookup.nmcourts.gov.

        Turning to Essentia's second argument regarding the priority jurisdiction doctrine, the Court notes that under New Mexico law "[g]enerally, a second suit based on the same cause of action as a suit already on file will be abated where the first suit is entered in a

14

court of competent jurisdiction in the same state between the same parties and involving

the same subject matter or cause of action, if the rights of the parties can be adjudged in

the first action." <u>Valdez v. Ballenger</u>, 581 P.2d 1280, 1281 (N.M. 1978) (quoting <u>State v.</u>

<u>Larrazolo</u>, 375 P.2d 118, 123 (N.M. 1962)).  The elements of priority jurisdiction are as

follows:

> (1) the two suits must involve the same subject matter or the
> same cause of action, (2) the two suits must involve the same
> parties, (3) the first suit must have been filed in a court of
> competent jurisdiction in the same state, and (4) the rights of
> the parties must be capable of adjudication in the first-filed
> action.

<u>Cruz v. FTS Construction, Inc.</u>, 142 P.3d 365, 368 (N.M. App. 2006).  The doctrine of

priority jurisdiction "is not well developed in New Mexico" and its purpose "is to avoid[]

conflicts that might arise between courts if they were free to make contradictory

decisions or awards relating to the same controversy, and [to] prevent[] vexatious

litigation and multiplicity of suits."  <u>Id.</u> at 366, 368 (citation and internal quotation marks

omitted; alterations in original).  Priority jurisdiction "is not jurisdictional in New

Mexico" and, therefore, "it may be an affirmative defense that could be waived if not

timely raised."  <u>Id.</u> at 372.

The four-factor test for priority jurisdiction appears to be satisfied in this case

because: (1) the present case and the state case involve the same parties and the same

subject matter or cause of action; (2) the two suits involve the same parties; (3) the first

suit was filed in this Court, which is a court of competent jurisdiction in the same state,[2]

---

[2] Defendants contend that this Court lacks diversity jurisdiction over the tortfeasors and, therefore, this Court is not a
court of competent jurisdiction.  [Doc. 18 at 7]  This argument is rejected for the reasons explained in the body of

and (4) the rights of the parties are capable of adjudication in the present-filed action. However, the parties have not cited a New Mexico case, and the Court has not found one, in which the state court has abated a state case so that a question of state law could be decided in a federal forum.  Indeed, in <u>American National Property and Casualty Co. v. Wood</u>, No. 07-CV-1048 JB/RHS, Doc. 13 (D.N.M. March 21, 2008), the federal court noted that it was unclear whether the state court could provide an effective remedy in light of the priority jurisdiction doctrine, because the federal action was filed first and involved the same claims and same parties.  Upon reconsideration, however, the Court observed that the state court had rejected the insured's priority jurisdiction argument because "the state court had the obligation to address this pure issue of state law and that it was more appropriately addressed in the state court."  <u>American National Property and Casualty Co. v. Wood</u>, No. 07-CV-1048 JB/RHS, Doc. 40 at 3 (D.N.M. January 29, 2009).  Accordingly, upon reconsideration, the federal court determined that the <u>Mhoon</u> factors weighed in favor of declining to exercise jurisdiction, "[g]iven the state court is exercising jurisdiction and has expressed a desire to decide the state-law question at issue."  <u>Id.</u> at 9.

Because the priority jurisdiction doctrine is not jurisdictional and its applicability under the present circumstances is unclear, the Court concludes the state court can provide an alternate remedy which is better or more effective.  <u>See Id.</u> (declining to exercise jurisdiction, even though the federal action was filed first and New Mexico recognizes the priority jurisdiction doctrine); <u>see also Burlington Insurance Co. v. Las</u>

this *Memorandum Opinion and Order*.

Cruces Gospel Rescue Mission, Inc., et al., No. 11-CV-0544 WJ/WPL, Doc. 12 (D.N.M. October 12, 2011) (same).  Accordingly, the fifth Mhoon factor weighs in favor of declining to exercise jurisdiction.

E.      Remedy

Four of the five Mhoon factors weigh in favor of declining to exercise jurisdiction and the fifth Mhoon factor is neutral.  In United States v. City of Las Cruces, 289 F.3d at 1192, the Tenth Circuit held that a stay, rather than a dismissal, "will often be [a] preferable [remedy] in the declaratory judgment context."  The Court explained its reasoning as follows:

> The Brillhart/Mhoon analysis involves some measure of prognostication.  In determining which forum would be best the district court considers such questions as whether the state proceedings will *likely* adjudicate the claims of the federal parties and whether the federal proceeding will serve any useful purpose considering the *likely* scope of the state proceeding. . . . A stay would allow the district court to quickly reconsider whether the state forum remains the best in which to hear the federal parties' claims should the court's predictions regarding the scope of the state proceedings turn out to be erroneous. . . . Additionally, a stay may be appropriate if the district court determines that there exists a significant possibility of delay or other procedural inadequacy in the state proceedings.  Moreover, the Supreme Court has noted that a stay may be the preferred remedy if the application of a time bar could prevent a dismissed federal action from being refiled.

Id. (citations omitted; emphasis in original).

Although Defendants have moved for a dismissal of the *Amended Complaint*, the appropriate remedy is to stay the federal action pending the resolution of the state court case in the Eighth Judicial District of New Mexico.  The parties will be ordered to notify

the Court when a disposition has been made in the state court case, so that the stay may be lifted or the case dismissed.

In light of the Court's conclusions the Court will deny without prejudice *Plaintiff Essentia Insurance Company's Motion for Summary Judgment and Memorandum Brief in Support Thereof* [Doc. 17] and *Plaintiff/Counter-Defendant Essentia Insurance Company's Motion to Strike Philip S. Sanchez's Affidavit And For Costs* [Doc. 26]. The parties will be granted leave to refile these motions in the event that the stay is lifted and the issues raised therein have not been conclusively resolved in the state court action. See Hartford Fire Ins. Co. v. Sheldon, et al., No. 03-CV-1272 MCA/DJS, Doc. 48 (D.N.M. September 30, 2004) (staying case and denying pending motions without prejudice, but granting parties permission to refile if the stay is lifted).

## III.    CONCLUSION

The Court concludes that the Mhoon factors weigh in favor of declining to exercise jurisdiction and that the appropriate remedy is to order a stay of proceedings pending the resolution of the state court case in the Eighth Judicial District of New Mexico.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment* [Doc. 10] is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that all proceedings in the present case are **STAYED** pending resolution of Sanchez, et al. v. Lujan et al., D-820-CV-201400066 (N.M. 8th Jud. Dist. Ct. filed Feb. 11, 2014);

18

**IT IS FURTHER ORDERED** that the parties shall advise the Court in writing of any dispositive ruling in the above-referenced state court action within fourteen days of service of such ruling;

**IT IS FURTHER ORDERED** that *Plaintiff Essentia Insurance Company's Motion for Summary Judgment and Memorandum Brief in Support Thereof* [Doc. 17] is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that *Plaintiff/Counter-Defendant Essentia Insurance Company's Motion to Strike Philip S. Sanchez's Affidavit And For Costs* [Doc. 26] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 30th day of September, 2014, in Albuquerque, New Mexico.


_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge